IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| VINICIUS BATISTA DE LUCENA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TOOTSIES ENTERTAINMENT, LLC, )<br>et al., )<br>)<br>Defendants. ) | Case No. 3:25-cv-00661<br>Judge Campbell/Frensley |

## REPORT AND RECOMMENDATION

This removed employment discrimination case is before the court on defendants' motions to dismiss for failure to state a claim and Plaintiff's motion to remand. Docket Nos. 7, 11, 15, 19, 22. The motions are briefed and ready for disposition. For the reasons set forth below, the undersigned recommends the motion to remand be granted and this action be remanded to state court. Alternatively, defendants' motion to dismiss should be granted and Plaintiff be ordered to amend his complaint.

## I. BACKGROUND

On May 2, 2025, Plaintiff Vinicius Batista De Lucena filed his original suit against defendants in the Circuit Court of Davidson County, Tennessee, for the Twentieth Judicial District at Nashville, Case No. 25C1183. Defendants timely removed to this court based on this court's federal question jurisdiction pursuant to 28 U.S.C. § 1331. Docket No. 1, p.2. Plaintiff names as defendants Tootsies Entertainment LLC ("Tootsies"); HTDG LLC d/b/a Honky Tonk Central ("HTDG"); Harry O's Steakhouse LLC d/b/a Kid Rock's Big Ass Honky Tonk Rock N' Roll Steakhouse ("Harry O's"); and Jonathon Scott (collectively "defendants"). Docket No. 1., p.1.

1

Plaintiff's claims are predicated on his alleged unlawful termination from his position as a food runner at Harry O's.

Plaintiff's 97-page state court complaint is overly long, rambling, convoluted, and therefore nearly impossible to decipher. The undersigned was able to glean the following factual allegations.

Plaintiff worked as a food runner for Harry O's, a live music and food venue in Nashville, Tennessee, beginning in February 2023. Docket No. 1-1, p. 22. During his employment there, his coworkers made discriminatory remarks against him and other employees because of his nation of origin and race. Id. p. 6. Other employees were forced to quit their jobs because a manager did not want them to speak their native Spanish language amongst themselves. Id. A manager, Mr. Edward, threatened to call immigration and made discriminatory slurs. Id. Defendants treated him differently and less favorably than others and "subjected [him] to the worst schedule comparing to the other members – which are Americans..." Id. p. 9. Plaintiff states he "forcibly resigned" on June 5, 2023, after providing two weeks' notice. Id. p. 27.

The court infers that at some point Plaintiff was reinstated. On December 14, 2023, Plaintiff alleges that management retaliated against him by closing off the second floor of the venue for business after he had prepared it for customers. Id. pp. 29-30. He asserts defendants considered him a "nobody." Id p. 29.

On May 24, 2024, while employed at Harry's, he received a write-up for creating an uncomfortable environment for other employees of Harry O's. Id. pp. 30-32. Harry O's falsely alleged "that everybody was complaining about him." Id. p. 32. On July 19, 2024, upon the advice of management, server Jessica Elsbury wrongfully kept wages from the tip share belonging to him. Id. pp. 32-33.

On July 20, 2024, during a meeting with management that included Hannah Polk, Chris Skelly, and Brian Medina, the door was closed and locked and he was "held hostage by all in the room," ultimately receiving a two-week suspension after false accusations were made against him. Id. pp. 39-41.

Plaintiff alleges that defendants "set him up" by fabricating a false write-up alleging complaints against him from other employees that were intended to "Harass, Retaliate, Discriminate and Impersonate against the [Plaintiff]..." Id. pp. 30-31. Thomas Maffei, scheduler, retaliated against him by reducing his work hours. Id. pp. 31-32. Management "would retaliate against [him] for mentioning their faults and wrongdoings…" Id. p. 36. He trained newly hired staff members but was not paid compensation. Id. p. 22. As a result, he was forced to resign and file an EEO charge against Tootsies. Id. p. 42.

Plaintiff alleges that during his employment with Harry O's, Jonathan Scott failed to promote him to server or bartender because he was male. Id. p. 40. According to Plaintiff, during his conversation with the management team, Plaintiff received a two-week suspension for his workplace conduct. Id. pp. 39-40. Plaintiff alleges that Scott failed to investigate a Tennessee Occupational Safety and Hazard Act claim regarding the noise level in the venue. Id. pp. 47-48. He alleges defendants take advantage of immigrant workers and pay them lower wages and compensation than other workers. Id. pp. 44-45.

In his complaint, Plaintiff cites The Victims of Trafficking and Violence Protection Act of 2000 (TVPA). Although he does not cite the Tennessee Occupational Safety and Health Act; he refers to "TOSHA" in his complaint. Id. pp. 47-49. Plaintiff does not cite the Tennessee Human Rights Act ("THRA"), however, Plaintiff refers to "human rights" in his complaint. Id. p. 91. He appears to assert claims for sexual orientation discrimination, nation of origin discrimination, and

3

retaliation and the Tennessee Human Rights Act. He appears to assert claims for labor trafficking, harassment, and fraud. For relief, he seeks 39.71 million dollars in damages. Id. p. 79.

The instant motions followed.[1]

## II. DISCUSSION

**Motion to remand**

The court will first address Plaintiff's motion to remand. In support of his motion, Plaintiff argues he is asserting only state law claims, that he is citing "Tennessee code," only, and therefore his suit properly belongs in state court. Docket No. 22, p. 3.

Defendants responded, opposing remand. Docket No. 32. They assert Plaintiff has failed to show any compelling reason why this court should decline jurisdiction. Id. p. 4. They note Plaintiff's complaint asserts claims for civil rights violations under Title VII, as well as violations of other federal laws, including labor trafficking, 18 U.S.C. §1589, occupational safety and health violations under 29 U.S.C. 15, and fraud pursuant to 18 U.S.C. 47. Id. They argue Plaintiff cannot credibly assert he did not mean to make a claim under federal law after enumerating federal laws as the "Rules" in his complaint. Docket No. 30-1, p. 4.

A defendant who seeks to remove a case pursuant to 28 U.S.C. § 1441(b) bears the burden of demonstrating that the case as pled falls within the federal question jurisdiction of the district court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006). Federal question jurisdiction can be established by showing "either that federal law creates a cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal

---

[1] Although defendants filed separate motions to dismiss on each's behalf, all of their briefs are the same word-for-word. The court will refer to defendants' motions in the collective.

law." *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990) (quoting *Franchise Tax Bd. v. Constr. Laborer Vacation Trust*, 463 U.S. 1, 27-28 (1983). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. *Hatridge v. Aetna Cas. & Sur. Co.,* 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are in favor of state court jurisdiction and remand. *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) *cert. denied*, 522 U.S. 1075 (1998). In determining whether a claim "arises under" federal law, courts must be "mindful that the nature of federal removal jurisdiction—restricting as it does the power of the states to resolve controversies in their own courts—requires strict construction of the legislation permitting removal." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)).

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Gully v. First Nat'l Bank*, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit.") Federal jurisdiction exists only in those circumstances where a federal question is presented by a well-pleaded complaint which show that either federal law creates the cause of action, or the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 13 (1983).

Under the "well-pleaded complaint" rule, a plaintiff may avoid federal removal jurisdiction by exclusive reliance on state law. <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). "Not every question of federal law involved in a suit is proof that a federal law is the basis of the suit".

*Rosecrans v. Lozier*, 142 F.2d 118, 123 (8th Cir. 1944).  An action based upon a right originating in federal law is not for that reason alone an action arising under federal law.  Id.

Here, Plaintiff's 97-page state court complaint is extremley difficult to decipher.  It cites both state and federal laws.  Despite the reference to some federal laws, Plaintiff is adament he is bringing only state law claims.  In light of the standard that weighs in favor of a plaintiff and remand, Plaintiff's pro se status, and the lack of clarity in the compaint, the court concludes the matter properly belongs in state court.  Plaintiff's motion to remand should be granted.

**Motion to Dismiss**

Alternatively, in the event the case is not remanded, defendants' motion to dismiss be granted.  In support of their motion to dismiss, defendants argue Plaintiff's complaint is an impermissible "shotgun pleading" that fails to provide them with adequate notice of the claims asserted against them in violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b).  Docket No. 8, p. 1.  They contend Plaintiff fails to assert separate counts in his complaint, resulting in a prohibited "kitchen sink" pleading.  Id.  Defendants further argue the complaint "insufficiently" cites to the Tennessee Human Rights Act ("THRA") and fails to provide them with adequate notice of the specific statutory provisions it allegedly violated.  Id. p.2.  They contend Plaintiff's common law retaliatory discharge claim based on his purported refusal to remain silent about alleged illegal activities is abrogated by the Tennessee Public Protection Act.

Plaintiff responded, opposing the motions.  Docket No. 38.[2]  He contends "[a]ll of the claims on the Complaint are well explained with facts, including where dates, times, camera angles and locations occurred from the beginning to the end from the employment time of the Plaintiff with the Defendants. All the paragraphs are numbered with specific details. A Dismissal of the

---

[2] Docket No. 38, a response to defendants' motion to dismiss, is incorrectly docketed as a motion.

6

Case would contradict with the Constitution of the State of Tennessee and Constitution of the United States of America, it'd be unconstitutional." Id. p. 6.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Federal Rules of Civil Procedure govern the construction of a plaintiff's pleading. *Bank of St. Louis v. Morrissey*, 597 F.2d 1131, 1134-35 (8th Cir. 1979). In order to conform to the requirements of Rule 8, a complaint must contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends… , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Rule 8(e)(1) requires that "[e]ach averment of a pleading shall

7

Case 3:25-cv-00661   Document 40   Filed 02/03/26   Page 7 of 10 PageID #: 319

be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1).

In addition, Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances … [and], [i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence [...] must be stated in a separate account or defense." Fed. R. Civ. P. 10(b). Where a plaintiff's complaint fails to connect specific facts or events with the various causes of action asserted, the plaintiff violates Rule 8(a)(2)'s requirement that he provide the defendant with "adequate notice of the claims asserted against [it] and the grounds upon which each claim rests." *See Lee v. Ohio Educ. Ass'n*, 951 F.3d 386, 392-93 (6th Cir. 2020) (where the complaint failed to connect specific facts or events with the various causes of action asserted, the plaintiff violated Rule 8(a)(2)'s requirement that plaintiff provide the defendants with adequate notice of the claims against them and the grounds upon which each claims rests). Where a complaint fails to separate each of a plaintiff's causes of action or claims for relief into separate counts, the complaint amounts to a "shotgun pleading" that violates Rule 10(b). *Lee*, 951 F.2d at 393 (all seven of plaintiff's state-law causes of action were contained in a single sentence; holding that plaintiff violated Rule 10(b) and her complaint was a "shotgun pleading" where the plaintiff's complaint failed to separate each of her causes of action or claims for relief into separate counts.).

After careful review, the Court concludes Plaintiff's complaint does not sufficiently comply with the requirements of Rule 8. Plaintiff has chosen to include a narrative recital of argumentative and largely immaterial background materials in the complaint, rather than providing a short and plain statement of basic allegations followed by an outline of each legal claim based on specific allegations of fact. Plaintiff's complaint bears no resemblance to the sample pleadings in the official Appendix of Forms to the Federal Rules of Civil Procedure.

The complaint contains many factual allegations and legal conclusions but fails to permit the court or defendants' counsel to identify the distinct federal or state law causes of action presumably alleged. Given the breadth of the allegations and the numerous legal theories named, the court is unable to proceed in this matter. Further, in numerous instances, the complaint does not make clear the connections between specific allegations and any particular defendant. Plaintiffs' complaint simply does not provide defendants notice of what legal claims are asserted against which defendants. Therefore, defendants cannot reasonably be expected to frame responsive pleadings.

For these reasons, the court recommends defendants' motion to dismiss be granted. Plaintiff should be granted leave to file and serve an amended complaint which complies with the requirements of Rule 8, within fifteen (15) days in the event the District Judge adopts this recommendation. In framing the amended complaint, plaintiff should initially set forth a short and plain statement of the jurisdictional grounds. Plaintiff is advised to edit or eliminate much of the factual narrative in the complaint, provide a short and plain statement of his claims, and link their factual allegations to specific legal claims against each defendant. The amended complaint shall clearly state how each defendant is alleged to have violated Plaintiff's legal rights. The use of separate counts for each legal theory is encouraged.

Finally, Plaintiff's miscellaneous motions to correct a clerical error (Docket No. 29), to ascertain the status of motions (Docket No. 39), and to file a "sur sur-reply" and request for a hearing should be DENIED. Docket No. 34.

## III. CONCLUSION

For the foregoing reasons, the undersigned recommends Plaintiff's motion to remand to state court be **GRANTED**. Docket No. 22. Alternatively, defendants' motions to dismiss should be **GRANTED** (Docket Nos. 7, 11, 15, 19) and the Plaintiff be allowed to file an amended complaint properly setting out any federal claims. Plaintiff's miscellaneous motions to correct a clerical error (Docket No. 29), to ascertain the status of motions (Docket No. 39), and to file a "sur sur-reply" should be **DENIED**. Docket No. 34.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**